JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-3671 PA (MRWx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | Marina Admiralty Company v. Trista Pisani, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

      The Court is in receipt of a Notice of Removal filed on May 13, 2014 by Trista Pisani ("Defendant"). Plaintiff Marina Admiralty Company ("Plaintiff") filed a Complaint in Los Angeles County Superior Court against Defendant, Kimberlina Mckinney, and Does 1 to 5, asserting a single cause of action for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(a).

      Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

      Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318, 327 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d at 327. "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption . . . ." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d at 327 (emphasis in original). The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-3671 PA (MRWx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | Marina Admiralty Company v. Trista Pisani, et al. | | |

  Here, the underlying Complaint contains only a single cause of action for unlawful detainer. In the Notice of Removal, Defendant asserts that the complaint for unlawful detainer was filed by Plaintiff for non-payment of rent, but Defendant withheld rent because Plaintiff discriminated against her in violation of the Fair Housing Act.

  Unlawful detainer proceedings do not purport to adjudicate title to the property at issue – only the right to possession is implicated. Any defenses that Defendant might raise to this unlawful detainer action, or claims she might assert in a separate claim of unlawful foreclosure, then, are insufficient to confer removal jurisdiction over this action. See, e.g., U.S. Bank N.A. v. Barcenas, No. CV-12-9907-R, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs., LLC v. Orozco, No. 2:12-cv-09957-ODW (AGRx), 2012 U.S. Dist. LEXIS 172200, at *3-4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction"). Thus, the Court lacks federal question jurisdiction over this action. Defendant's allegations concerning Plaintiff's potential violations of the Fair Housing Act do not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 60-61, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206, 218-19 (2009).

  Accordingly, Defendant has failed to meet her burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is remanded to the Los Angeles County Superior Court, Case No. 14R02098. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.